IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
KANSAS CITY

JAMES BERRY )
)
    Plaintiff, ) Case No.:
)
v. )
)
)
EXPERIAN INFORMATION )
SOLUTIONS, INC., )
)
And )
)
EQUIFAX INFORMATION )
SERVICES LLC, )
)
    Defendants. )

## COMPLAINT

COMES NOW the Plaintiff, James Berry, (hereafter "Plaintiff", or "Mr. Berry") and for his complaint against the Defendants, Experian Information Solutions, Inc. (hereafter "Experian") and Equifax Information Services LLC (hereafter "Equifax"), Plaintiff alleges as follows:

### INTRODUCTION

1.     This is an action for actual, statutory and punitive damages brought by Plaintiff against Defendant for the willful, knowing, and/or negligent violation of, *inter alia*, Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1681 *et seq.*, known as the *Fair Credit Reporting Act* (hereafter "FCRA") which relates to the proper dissemination and use of consumer credit and other financial information.

## PARTIES

2. Plaintiff is a natural person that resides in Jackson County, Missouri.

3. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

4. Equifax is a national consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and is registered as a Missouri Company and regularly transacts business within the state of Missouri.

5. Experian is a national consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and is registered as a Missouri Company and regularly transacts business within the state of Missouri.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue in this District is proper because Defendants transact business in this District, Plaintiff is a resident of this District, and the conduct complained of occurred in this District.

## BACKGROUND AND FACTUAL ALLEGATIONS

### Defendants Refuse to Report Mr. Berry's Accounts Correctly After Dispute

8. In September, 2006, Mr. Berry moved into an apartment in Nashville, Tennessee where he signed a contract for communication services with Comcast Cable Communications (hereafter "Comcast").

9. Upon moving out of his apartment in June or July 2007, Mr. Berry paid for the Comcast services in full and returned all of the Comcast equipment in accordance with the terms of his agreement with Comcast.

10. Almost 8 years later, in May 2014, Mr. Berry received a letter from Enhanced Recovery Company (hereafter "Enhanced") regarding an overdue balance stemming from cable services Comcast

2

allegedly provided Mr. Berry at his former address in Nashville, Tennessee.

11. Mr. Berry immediately contacted Comcast and explained to them that he never lived at that address and that he could not owe them for any services provided there.

12. Comcast then cross-checked Mr. Berry's social security number and address information with the information on the account they were attempting to collect and determined that they had made a mistake, that the account did not belong to him, and explained that they would fix the issue.

13. Mr. Berry assumed that was the end of it.

14. In September, 2014, Mr. Berry became interested in purchasing a house for himself and his soon-to-be fiancé.

15. When speaking with his loan officer, Mr. Berry was notified that the three major credit reporting agencies, Equifax, Experian and Trans Union, LLC (hereafter "TransUnion) were reporting a negative line item from Enhanced on his credit report, specifically a delinquent Comcast account for $1,038.00.

16. The loan officer explained that the line item, even though inaccurate, would prevent him from getting a loan, or at a minimum would result in increased interest rates.

17. Mr. Berry immediately became overwhelmed with frustration and embarrassment. He had always had good credit. Was this really going to be the issue that kept himself and his fiancé from purchasing their dream home? Was he going to miss an opportunity based on someone else's mistake that he thought had been fixed? How was he going to explain this to his fiancé?

18. On October 27, 2014, in an effort to minimize any damage from what he believed must be a simple mistake, Mr. Berry immediately contacted Equifax, Experian and TransUnion in writing to dispute the false information and request the removal of the inaccurate and derogatory Enhanced account.

3

19. Upon receiving the dispute Experian, Equifax and TransUnion were required to conduct a reasonable investigation to verify that they were reporting accurate information.

20. Upon information and belief, Transunion discontinued reporting the account based on Mr. Berry's dispute.

21. However, by letter dated November 26, 2014, Equifax responded saying that "[a]dditional information has been provided from the original source regarding this item. We have verified that this item has been reported correctly."

22. Likewise, On November 21, 2014, Experian responded saying that it had verified the account with Enhanced and that it had updated the report.

23. How could that be? What kind of investigation did they conduct? If Equifax and Experian would have conducted a reasonable investigation, surely they would have seen that the account didn't belong to Mr. Berry.

24. Thus, much to Mr. Berry's disappointment and dismay, the Enhanced collection account continued to show an amount overdue of $1038.00.

25. Further Equifax was reporting that the account went delinquent in January of 2014 and Experian was reporting that the account was opened in April of 2014.

26. He didn't open a Comcast account in 2014; in fact, he hadn't had a Comcast account in nearly eight years.

27. Mr. Berry was beside himself, though still hopeful that he would be able to explain his story to a loan officer and that he could eventually convince someone to offer him favorable financing.

28. In January, 2015, Mr. Berry and his now fiancé finally found their perfect home, and were ready to make an offer. However, their hopes were devastated when their loan was again denied based on the Defendants inaccurate and derogatory reporting.

4

29. Mr. Berry justifiably fears and believes that the Defendants will continue to report the false and damaging Enhanced account information about him. He also justifiably fears and believes that this false information, absent litigation, will continue to negatively impact his credit rating and prevent him from taking advantage of credit opportunities.

## FIRST CLAIM FOR RELIEF

### (Negligent and Willful Violations of 15 US.C. § 1681e(b) by Equifax)

30. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

31. A "consumer reporting agency" is defined in 15 U.S.C. § 1681a(f) as follows:

"[A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports" (hereafter "CRA").

32. Section 1681n of the FCRA imposes civil liability on any CRA "who willfully fails to comply with any requirement" of the Act. See 15 U.S.C. § 1681n(a).

33. Section 1681o of the FCRA provides for civil liability against any CRA that is negligent in failing to comply with any requirement imposed under the Act.

### Equifax's Failure To Follow Reasonable Procedures

34. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." See 15 U.S.C. § 1681e(b).

5

35. On more than one occasion in the two (2) years prior to the commencement of this lawsuit, Equifax has prepared and disseminated a consumer report concerning Mr. Berry that to a third party(s) that that failed to assure "maximum possible accuracy" of information pertaining to Plaintiff.

36. The consumer report(s) prepared by Equifax concerning Mr. Berry contained inaccurate information in violation of 15 U.S.C. § 1681c(a)(3).

37. Equifax willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published concerning Mr. Berry in violation of 15 U.S.C. § 1681e(b).

38. As a direct and proximate result of Equifax's willful and/or negligent refusal to follow reasonable procedures as mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of credit opportunity, a justifiable fear to request credit, expenditure of time and resources, mental anguish, humiliation, and embarrassment, entitling him to an award of actual damages in an amount to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

39. Equifax's continued refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, retaliation, and willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages, plus attorneys' fees and costs pursuant 15 U.S.C. § 1681n.

**WHEREFORE** Plaintiff prays for judgment on this *First Claim for Relief* in his favor and against Equifax, and for the following relief:

(a) Actual damages sustained;

(b) Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

6

(c) Punitive damages in an amount to be determined by the jury;

(d) Reasonable attorneys' fees and costs; and

(e) Any further relief as deemed appropriate and just by this Honorable Court.

## SECOND CLAIM FOR RELIEF

### (Negligent and Willful Violations of 15 US.C. § 1681*e*(b) by Experian)

40. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

41. Section 1681*n* of the FCRA imposes civil liability on any CRA "who willfully fails to comply with any requirement" of the Act. *See* 15 U.S.C. § 1681*n*(a).

42. Section 1681*o* of the FCRA provides for civil liability against any CRA that is negligent in failing to comply with any requirement imposed under the Act.

### Experian's Failure To Follow Reasonable Procedures

43. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *See* 15 U.S.C. § 1681*e*(b).

44. On more than one occasion in the two (2) years prior to the commencement of this lawsuit, Experian has prepared a consumer report concerning Mr. Berry, and disseminated such report to one or more third party(s), that failed to assure "maximum possible accuracy" of information pertaining to Plaintiff.

45. The consumer report(s) prepared by Experian concerning Mr. Berry contained inaccurate information in violation of 15 U.S.C. § 1681*c*(a)(3).

46. Experian willfully and/or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published concerning Mr. Berry in violation of 15 U.S.C. § 1681$e$(b).

47. As a direct and proximate result of Experian's willful and/or negligent refusal to follow reasonable procedures as mandated by the FCRA, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of credit opportunity, a justifiable fear to request credit, expenditure of time and resources, mental anguish, humiliation, and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681$o$.

48. Experian's continued refusal to follow reasonable procedures as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, retaliation, and willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages, plus attorneys' fees and costs pursuant 15 U.S.C. § 1681$n$.

**WHEREFORE** Plaintiff prays for judgment on this ***Second Claim for Relief*** in his favor and against Experian, and for the following relief:

(a) Actual damages sustained;

(b) Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c) Punitive damages in an amount to be determined by the jury;

(d) Reasonable attorneys' fees and costs; and

(e) Any other and/or further relief as deemed appropriate and just by this Honorable Court.

## THIRD CLAIM FOR RELIEF

### (Negligent and Willful Violations of 15 US.C. § 1681i by Equifax)

49. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

50. The FCRA mandates that a CRA conduct an investigation of the accuracy of information "[i]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1). The Act imposes a 30-day time limitation to complete the investigation. *Id.*

51. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

52. If information is deleted from a consumer's file following a dispute, "the information may not be reinserted in the file" unless the CRA certifies that the information is complete and accurate and, even then, the CRA "shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion[.]" *See* 15 U.S.C. § 1681i(a)(5)(B).

### Equifax's Failure to Conduct a Reasonable Investigation

53. By letter dated October 27, 2014, Mr. Berry disputed the false Enhanced account information appearing on his credit report.

54. Equifax conducted such a shoddy investigation of the dispute that the Enhanced account continued to appear on Mr. Berry's credit profile and continued to preclude him from obtaining favorable financing.

9

55. By failing to conduct a reasonable investigation into Plaintiff's dispute in this regard, Equifax willfully and/or negligently violated 15 U.S.C. § 1681$i$(a)(1).

56. As a direct and proximate result of Equifax's disregard for Plaintiff's dispute and its obligations under the FCRA as outlined above, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer such as himself.

57. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct reasonable investigations as mandated by the FCRA as outlined above, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of credit opportunity, a justifiable fear to request credit, expenditure of time and resources, mental anguish, humiliation and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681$o$.

58. Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, retaliation, and willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages, plus attorneys' fees and costs pursuant 15 U.S.C. § 1681$n$.

**WHEREFORE** Plaintiff prays for judgment on this ***Third Claim for Relief*** in his favor and against Equifax, and for the following relief:

(a) Actual damages sustained;

(b) Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c) Punitive damages in an amount to be determined by the jury;

(d) Reasonable attorneys' fees and costs; and

10

(e) Any other and/or further relief as deemed appropriate and just by this Honorable Court.

## FOURTH CLAIM FOR RELIEF

### (Negligent and Willful Violations of 15 US.C. § 1681*i* by Experian)

59. Plaintiff repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

### Experian's Failure to Conduct a Reasonable Investigation

60. By letter dated October 27, 2014, Mr. Berry disputed the false Enhanced account information appearing on his credit report.

61. Experian conducted such a shoddy investigation of the dispute that the Enhanced account continued to appear on Mr. Berry credit profile and continued to preclude him from obtaining favorable financing.

62. By failing to conduct a reasonable investigation into Plaintiff's dispute in this regard, Experian willfully and/or negligently violated 15 U.S.C. § 1681*i*(a)(1).

63. As a direct and proximate result of Experian's disregard for Plaintiff's dispute and its obligations under the FCRA as outlined above, Plaintiff has suffered a significant loss of trust in the credit reporting system and its accountability to the average consumer such as himself.

64. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct reasonable investigations as mandated by the FCRA as outlined above, Plaintiff has suffered loss and damage including, but not limited to: financial loss, loss of credit opportunity, a justifiable fear to request credit, expenditure of time and resources, mental anguish, humiliation and embarrassment, entitling him to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681*o*.

11

65. Experian's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff. The injuries suffered by Plaintiff are attended by circumstances of fraud, malice, retaliation, and willful and wanton misconduct, calling for statutory damages, an assessment of punitive damages, plus attorneys' fees and costs pursuant 15 U.S.C. § 1681n.

**WHEREFORE** Plaintiff prays for judgment on this ***Fourth Claim for Relief*** in his favor and against Experian, and for the following relief:

(a) Actual damages sustained;

(b) Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c) Punitive damages in an amount to be determined by the jury;

(d) Reasonable attorneys' fees and costs; and

(e) Any other and/or further relief as deemed appropriate and just by this Honorable Court.

### JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues so triable.

Respectfully submitted,

BRANDO B. CARNEY LLC

/s/ Brando B. Carney
Brando B. Carney (Missouri Bar No. 64768)
105 E. Battlefield, Suite C
Lone Jack, MO 64070
Telephone: (816) 566-0227
Facsimile: (816) 566-0664
Email: brando@bbclaw.net
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSOURI ) 
) ss 
COUNTY OF Jackson )

Plaintiff James Berry, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

JONATHAN SEMSCH 
Notary Public - Notary Seal 
State of Missouri 
Commissioned for Jackson County 
My Commission Expires: May 13, 2019 
Commission Number: 15935773

_____ 
James Berry

Subscribed and sworn to before me this 21st day of September, 2015.

_____ 
Notary Public

13

Case 4:15-cv-00781-REL   Document 1   Filed 10/09/15   Page 13 of 13